Samuel Rabin, J.
This motion is to vacate the plaintiffs’ statement of readiness and strike the action from the calendar on the grounds that there have been no physical examination of the plaintiffs and no settlement discussions. The plaintiffs’ cross motion is to strike the cause from the Jury Calendar and place it upon the Non jury Calendar on the ground that the demand for a jury trial had imprinted thereon the name of a different attorney than the one who had appeared and answered for the defendants, and plaintiffs’ attorney had received no notice of any substitution of attorneys.
The action was commenced on February 13, 1957, and issue joined on April 23, 1957. I am of the opinion that the defendants had a reasonable opportunity to complete all the allowable preliminary proceedings and that the plaintiffs have shown both a willingness and attempts to discuss settlement sufficient to comply with the requirements of the applicable rule. Accordingly, the motion to vacate the statement of readiness and strike the cause from the calendar is denied.
The defendants’ attorney represents two insurance carriers and their insureds in approximately 3,000 actions and proceedings in the City of New York and surrounding counties. On September 27, 1958, in Special Term, Part II, of the Supreme Court, New York County, by an ex parte order, he was substituted in the place of Frederick Mellor in all pending actions and proceedings in which Frederick Mellor represented said carriers or their policyholders. This action was among those pending.
The contention of the plaintiffs is that the order above referred to was ineffectual to substitute attorneys in the instant action. In Matter of Preferred Acc. Ins. Co. v. Roesch (273 App. Div. 993) the court held that holders of automobile casualty policies “ impliedly authorized the insurance companies to act as their agents in obtaining a lawyer or lawyers for them as attorney or attorneys of record in the litigations”; that such implied authority included the power to change lawyers and in absence of revocation of authority, insurers could maintain legal proceedings for removal and substitution of attorneys without additional specific consent of policyholders. The court also, upon reargument, modified the original order so as to make the substitution applicable to actions pending in all courts, including courts other than the Supreme Court, New York County. Mr. Justice Shientag dissented solely because of his belief that the order slrouid contain a provision requiring that a copy of the *507 order of substitution be sent by mail within a specified time to all of the insureds. It is apparent that this was rejected by the majority.
I am of the opinion that the above decision is determinative of the present motion. Plaintiffs’ motion to strike the cause from the J ury Calendar is denied.
Submit order.